## RANDOLPH v. UNDERHILL.

*Certiorari* to Justice Merritt.

This case was argued at the Bergen Circuit, and the following opinion delivered by his Honor, Chief Justice Hornblower, as Circuit Judge, having been submitted to and concurred in by the Associate Justices of this Court; and it, being on a subject matter of general interest, is deemed proper for publication.

If a defendant appear before a justice of the peace in the court of small causes, for the purpose of asking for adjournment—or other purpose than to try the cause, and failing in his object, depart from the court, and the trial proceeds, he may bring a *Certiorari* as upon a judgment rendered in his absence.

Mr. *Chase*, (a counsellor from the City of New York,) for the defendant, moved to dismiss this *Certiorari* as improvidently issued : the judgment below, having been, as he contended, rendered in the presence of the plaintiff in *Certiorari*, and that therefore his remedy was by appeal only.

*A. O. Zabriskie*, contra.

In the transcript, the justice states, that, "at the time and place mentioned for the return of the summons, the plaintiff and defendant personally appeared : the plaintiff then filed his state of demand : the defendant demanded an adjournment, which I refused." The record then proceeds with the trial and judgment.

In answer to a rule on the justice, calling on him to certify, why he refused the adjournment, and whether the defendant was present at the trial and judgment in the cause, he has certified as follows : " The defendant at the return of the summons, demanded an adjournment, which I refused because he would not pay the fees for granting the same ; whereupon the defendant retired from the room ; but I think I heard his voice upon the Piazza during the trial ; but he was not present in the room where the trial and judgment were had, during the trial or at the judgment in the cause.

HORNBLOWER, C., Judge. By the thirty-sixth section of the act constituting courts for the trial of small causes, *Rev. L.* 629; *Elm. Dig.* 283; an appeal was given in all cases, except

Randolph v. Underhill.

from judgments rendered on verdicts, reports of referees, by default, in the absence of the defendant, upon confession, or in a matter of less value than three dollars. In each of the excepted cases, the only remedy was by *Certiorari;* but in all others, either party was at liberty to proceed either by an appeal to the Common Pleas, or to go directly into the Supreme Court by writ of *Certiorari.*

Thus the law stood until the 17th November, 1820, when by a supplement to the act constituting courts for the trial of small causes, *Rev. L.* 796; *Elm. Dig.* 290, the right of appeal was extended to judgments on verdicts, and reports of referees ; and the remedy by *Certiorari* was expressly taken away in all cases in which an appeal was given by *that* statute, or the *one* to which it was a supplement.

Under these statutes, it has been repeatedly decided, that a judgment rendered by a justice, after a trial in the presence of the parties, and time taken to advise, is a judgment, *in the absence of the defendant,* within the meaning of the statute, so as to deprive him of the right of appeal, if the defendant was not actually in attendance and present at the rendition of the judgment ; and that, whether the defendant had or had not notice of the time and place appointed by the justice, for the rendering his judgment. See *Van Doren* v. *Van Doren,* 5 *Halst.* 286, and cases there cited by the court.

Afterwards, in 1832, in *Perrine* v. *Little,* 1 *Green,* 248, a case came before the court, in which the defendant appeared and was present during the whole trial, taking part therein and making his defence; but withdrew from the court after the jury retired ; and was not there when the verdict and judgment were rendered; and the question was, whether this was a judgment in the absence of the party, within the meaning of the statute, so as to give him the remedy by *Certiorari?* After argument, the Supreme Court were unanimously of opinion, that it was not such a judgment; that it must be considered as a judgment rendered in the presence of the party; and he could not, after having had the full benefit of a trial on the merits, entitle himself to a *Certiorari,* by voluntarily withdrawing himself at the moment when judgment was about to be rendered.

After the foregoing decisions, in February, 1833, the legisla-

ture passed a further supplement of one single section, *Elm. Dig.* 291, *pl.* 83, giving an appeal from any judgment thereafter rendered, after a trial in the presence of the parties, notwithstanding such judgment may have been rendered in the absence of the party appealing.   The object of this supplement was no doubt, to give a party the benefit of an appeal, from a judgment rendered in his absence after an adjournment, provided he was present at the trial, or in other words, indirectly to repeal so much of the former law as took away from him the right to appeal, in case judgment had been rendered against him on an adjourned day in his absence.   It does not however, take away from such party, the right of *Certiorari.*   By the sixth *section* of the act of 1820, *Elm. Dig.* 290, a *Certiorari* was expressly prohibited, in all cases, in which, an appeal was given, by *that* act, or by *the act,* to which it was a supplement.   It is not prospective: it does not take away the *Certiorari,* in all cases, in which an appeal might afterwards be given.   But the supplement of 1833, does give an appeal, in a case, in which it did not lie before, and in which the remedy, was until then, only by *Certiorari;* but does not take away that remedy; it leaves that as it stood before. Upon the well settled rule, therefore, that a writ of *Certiorari* lies in all cases, where not taken away by express words, we must now hold, under the act of 1833, that if a party is *present* at the trial, but *absent* when judgment is rendered, he may have an appeal or *Certiorari,* or both, at his election.

If then, in the case now before us, the defendant below, was present at the trial, but absent at the rendition of the judgment, in such a sense, that it was a judgment rendered *in his absence,* then this writ, is well brought; although the party suing it out, might, in virtue of the act of 1833, have had an appeal if he had chosen to pursue that course.

The question then is, whether upon the facts stated by the justice, this was, or was not, a trial *and judgment* in the presence of the defendant? or whether, if it was a *trial* in his presence, rendered so by his appearing and praying an adjournment, it was not a *judgment* rendered in his absence, since in fact he was not present before the court when it was pronounced.

It was ingeniously argued by the counsel for the defendant in *Certiorari,* that the defendant below could not be present in court

Randolph v. Underhill.

for one purpose, and at the same time, absent for another : that having appeared at the return of the summons and made a motion in the cause, thereby subjecting himself to the jurisdiction of the justice, he must be considered as present, at least, during all *that session* of the court ; and whatever was then and there done, was in legal contemplation, done in his presence. And the case of *Perrine* v. *Little*, 1 *Green*, 248, was relied on, with some plausibility as sustaining that view of the subject. In that case however, the party appeared for the purpose of going to trial ; he submitted himself to a trial upon the merits ; was heard in his defence and remained there until the jury withdrew to consider of their verdict ; after which he chose to absent himself from the court. The only question then, was whether a party should by such a course of conduct defeat the intention of the legislature ; which manifestly was to confine the parties, after a trial before the justice, to a re-trial before the Common Pleas upon an appeal. The Supreme Court thought not, and I am not only bound by, but satisfied with that decision. But this I take to be a very different case. The defendant did not appear before the justice for the purpose of going to trial : he went to ask for an adjournment, as he had a right to do, and that being refused, he was at liberty to remain and make the best defence he could ; or to retire, and permit the court to proceed in his absence. He chose to adopt the latter course ; it was therefore a trial, and a judgment *in his absence,* and he is well entitled to this writ, and has in fact no other remedy.

Suppose a summons is defective upon the face of it ; or defectively served, having been served on the defendant only three days, instead of five, before its return ; or in a matter of which the justice has no jurisdiction ; must a defendant in such case absent himself entirely from the justice, and thus unavoidably incur the expense of a *Certiorari* to get rid of such unlawful proceedings ? Or if, he appears on the return day, for the purpose of moving to quash the summons for any such cause, must he incur the hazard of losing his more speedy and appropriate remedy, by *Certiorari,* if the justice through ignorance or design, overrule his motion and proceed immediately to trial and judgment ? I think not. In such case, or on a refusal of an application for an adjournment, the defendant may withdraw, and all

Randolph v. Underhill.

proceedings afterwards will be considered as taking place in his absence. In my opinion, therefore, the motion to dismiss must be overruled, and the cause must be brought to a hearing on the errors assigned.

*Motion over-ruled.*